IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HYDROW, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 22-0195 (CFC) |
| | ) | |
| iFIT HEALTH & FITNESS, INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT FOR DESIGN PATENT AND
TRADE DRESS INFRINGEMENT**

Plaintiff Hydrow, Inc. ("Hydrow"), pursuant to Federal Rules of Civil Procedure 8(a) and 15(a)(1)(B), hereby asserts the following claims for design patent infringement and trade dress infringement against Defendant iFIT Health & Fitness, Inc. ("iFIT"), and states as follows:

**NATURE OF ACTION**

1. This is an action for design patent and trade dress infringement arising under the laws of the United States, Titles 35 and 15, United States Code, based upon iFIT infringing Hydrow's intellectual property, including Hydrow's design patent and Hydrow's distinctive trade dress.

2. Since 2019, Hydrow has been marketing and selling its patented and proprietary user interactive rowing machine (hereinafter the "Hydrow Rower"). The Hydrow Rower was painstakingly designed and developed to provide consumers with a beautiful, elegant, and sophisticated rowing machine. In recognition of Hydrow's innovative design, the United States Patent and Trademark Office ("USPTO") issued to Hydrow, on October 13, 2020, United States Patent No. D898,843 titled "ROWING MACHINE" (the "'843 Patent").

3.  On information and belief, iFIT has been selling exercise equipment since 1975. iFIT's traditional fitness equipment—including treadmills, ellipticals, and exercise bikes—is sold under the brand name NordicTrack. In reaction to the success of the Hydrow Rower, iFIT recently launched two rower machine models referred to by iFIT as "New RW700" and "New RW900". Both the New RW700 and New RW900 directly infringe the '843 Patent and Hydrow's distinctive trade dress. iFIT offers for sale and sells the New RW700 and New RW900 in competition with the patented Hydrow Rower designed, manufactured, and sold by Hydrow.

4.  As a result of iFIT's unlawful infringement, iFIT has been wrongfully enriched, and Hydrow has been injured through loss of sales and goodwill, and accordingly seeks injunctive and monetary remedies under the federal patent statute, 35 U.S.C. §§ 284, 285 and 289, and the federal Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1118 and 1125(a).

## THE PARTIES

5.  Plaintiff Hydrow is a Delaware corporation with a principal place of business at 10 Summer Street, Boston, MA 02110.

6.  Hydrow, formerly known as Crew By True Rowing, Inc., was organized under the laws of Delaware on November 16, 2017. The name was changed to Hydrow, Inc., on May 23, 2019.

7.  On information and belief, Defendant iFIT is a Delaware corporation with a principal place of business at 1500 South 1000 West, Logan, Utah, 84321. On information and belief, Icon Health & Fitness rebranded to iFIT Health & Fitness in 2021.

8.  iFIT offers for sale and sells the New RW700 and New RW900 online and through third-party retailers all across the United States, and additionally markets and sells the New RW700 and New RW900 on iFIT's website for its NordicTrack product line, at

https://www.nordictrack.com/rowing-machines/rw700-new and https://www.nordictrack.com/rowing-machines/rw900-rower.

## JURISDICTION AND VENUE

9. This is an action for patent infringement brought under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This action also arises under the federal Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction over the claims in this action, which relate to trade dress infringement, pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

11. This Court has personal jurisdiction over iFIT because, among other things: iFIT is incorporated under the laws of the State of Delaware and, on information and belief, iFIT has sold products that infringe the '843 Patent into the stream of commerce with the knowledge, or reasonable expectation, that actual or potential purchasers and users of such products were located within this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, 1400 because iFIT is incorporated in and resides in the State of Delaware.

## BACKGROUND FACTS

13. Rowing is in Hydrow founder Bruce Smith's blood. His ancestor, W.W. Ruddock, built single sculls for Harvard crew in the late 1800s. Smith has rowed and coached rowing his entire life. He has coached at the high school, collegiate, and national level. At the 2015 World Rowing Championships, he coached the United States Lightweight Eight to a Bronze medal. At the local level, Smith has endeavored to bring rowing to the masses, and is the former Executive Director of Community Rowing – Boston.

3

14.     Prior to Hydrow's release of the Hydrow Rower, existing rowing machines on the market were ugly, noisy, and boring. These attributes were somewhat intentional, as rowing machines of prior generations were meant to appeal only to those committed to enduring the monotonous training offered by those rowers. *See* https://www.concept2.com/indoor-rowers ("Concept2 created the original rowing ergometer (or rowing machine) in 1981 as a training tool for competitive athletes."). One of those early rowers is pictured below:



15.     In 2018, Smith sought to change that dynamic by designing a rowing machine that was stylish and fun. The result is an elegant and sophisticated rower inspired by three visual concepts: a wave, a 1971 Maserati Ghibli, and the bow of a Stämpfli single scull rower. The design of the Hydrow Rower was the result of Smith's brainstorm and is shown below:



16. Upon creation of this stylish and original design, CREW by True Rowing, Inc. (now known as Hydrow) filed a design patent application with the USPTO on July 16, 2018. *See* U.S. Patent Application No. 29/656,695.

17. Hydrow began selling its Hydrow Rower in 2019, and since then, the product has been an overwhelming success. The Hydrow Rower has garnered great goodwill, notoriety and praise in the market and the media, including articles in Time, Shape, The Independent, British GQ, Women's Health, British Vogue, c/net, Wired UK, The Telegraph UK, The Wall Street Journal, and others. The Hydrow Rower also received a "best design" award from iF Design in 2020. *See* https://ifdesign.com/en/winner-ranking/project/hydrow/272357.

18. Hydrow continues to make and sell the Hydrow Rower and related branded products to be used in conjunction with the Hydrow Rower. The Hydrow Rower and related products are offered for sale on Hydrow's online shop at https://shop.hydrow.com/, https://www.Amazon.com, and https://www.bestbuy.com, and at physical retail locations such as Best Buy.

19. United States Design Patent No. D898,843 issued on October 13, 2020. The '843 Patent is valid and enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Hydrow is the owner and assignee of all rights, title and interest in the '843 Patent. A true and correct copy of the '843 Patent is attached as **Exhibit A**.

20. The '843 Patent claims a new, original, and ornamental design for a Rowing Machine as shown in the figures of the '843 Patent in **Exhibit A** and reproduced below with the evenly spaced dash-dash broken lines shown in the figures forming no part of the claimed design:





'843 Patent, FIGS. 1-8.

21. Hydrow practices the '843 Patent as the Hydrow Rower, which is covered by the '843 Patent. Hydrow marks the Hydrow Rower with the '843 Patent number pursuant to 35 U.S.C. § 287.

22. On information and belief, iFIT sold several different models of rowing machines prior to the introduction of the Hydrow Rower in 2019 (hereinafter "iFIT Previous Models"). None of these iFIT Previous Models look anything like the Hydrow Rower or the New RW700 or New RW900. Each of these iFIT Previous Models has an overall industrial appearance with a pronounced flywheel, and a non-distinct, basic rectangular base structure. On information and belief, several of the iFIT Previous Models are shown below and further shown in **Exhibit B**:



**iFIT RW700 ("Original RW700")**     **iFIT RW900 ("Original RW900")**

23. The consistent look of the iFIT Previous Models significantly changed after the Hydrow Rower entered the market. On information and belief, iFIT sought to exploit the success of the Hydrow Rower for its own purposes by copying all of the significant aspects of the award-winning distinctive design that led to the success of the Hydrow Rower. On or about January 11, 2022, iFIT began offering the New RW900 a few weeks before the original Complaint was filed.

24. The New RW900 bears no resemblance to the Original RW900 shown above in paragraph 22. *See* https://www.nordictrack.com/rowing-machines/rw900-rower. The New RW900 is shown below next to the Hydrow Rower.



**Hydrow Rower**     **New RW900**

25.    iFIT has had knowledge of the '843 Patent since before Hydrow filed the original Complaint on February 14, 2022.  D.I. 1.

26.    Upon learning of the New RW900, Hydrow immediately sent a cease and desist letter to iFIT on February 2, 2022.  To date, iFIT has not agreed to stop selling the New RW900.

27.    The overall appearance of iFIT's New RW900 is substantially the same as the ornamental design in the '843 Patent, and/or at least a colorable imitation thereof, as shown below and further shown in **Exhibit C**:



**Hydrow '843 Patent**                              **iFIT New RW900**

28.    In the eye of the ordinary observer familiar with the relevant prior art, the claimed design of the '843 Patent and the design of the New RW900 are substantially the same, such that the ordinary observer would be deceived into believing that the design of the New RW900 is the design claimed in the '843 Patent.

29.    Despite its knowledge of the '843 Patent and knowledge of its infringing activities, iFIT introduced a second infringing exercise rower, the New RW700, on or about April 5, 2022.

30.    On information and belief, the New RW700 differs in design from the New RW900 in the size of the monitor display.  On information and belief, with the exception of the size of the

monitor display, the design of the New RW700 is in all material respects for purposes of this pleading identical to the design of the New RW900.

31. The New RW700 bears no resemblance to the Original RW700 shown above in Paragraph 22. *See* https://www.nordictrack.com/rowing-machines/rw700-new. The New RW700 is shown below next to the Hydrow Rower.



**Hydrow Rower**                  **iFIT New RW700**

32. The overall appearance of the New RW700 is substantially the same as the ornamental design in the '843 Patent, and/or at least a colorable imitation thereof, as shown below:



**Hydrow '843 Patent**            **iFIT New RW700**

33. In the eye of the ordinary observer familiar with the relevant prior art, the claimed design of the '843 Patent and the design of the New RW700 are substantially the same, such that

10

the ordinary observer would be deceived into believing that the design of the New RW700 is the design claimed in the '843 Patent.

34. iFIT, in violation of 35 U.S.C. § 271, has directly infringed the '843 Patent by making, offering for sale, selling, and/or importing the New RW700 and New RW900 (collectively hereinafter "Accused Products") in the United States.

35. The major distinction of the design claimed in the '843 Patent over prior art designs, including the Original RW700 and Original RW900, is the design of the unique and highly distinctive base structure copied by the Accused Products. The ordinary observer would give the most attention to the design of the overall base structure shape because it is completely absent from the prior art and is the dominant visual feature of the perceptual attributes of the patented design of the Hydrow Rower.

36. An ordinary observer would therefore believe the patented design of the Hydrow Rower and the design of the Accused Products are substantially the same despite any perceived minor differences between such competing rower products.

37. As shown below in red, the design of the base structure claimed in the '843 Patent is substantially the same as the design in the New RW900:



**Side- Hydrow Rower**                              **Side- iFIT New RW900**

 

**Perspective- Hydrow Rower**    **Perspective- iFIT New RW900**

38. The design of the base structure claimed in the '843 Patent is substantially the same as the design in the New RW700.

39. The ordinary observer would view the claimed design of the '843 Patent as substantially the same as the design of the Accused Products, particularly in view of the prior art. None of the prior art is remotely similar to the design protected by Hydrow's '843 Patent and infringed by the Accused Products, as shown in the three-way comparison in **Exhibit D**.

40. The unique distinctive contour shape and ornamental design of the Hydrow Rower is also protected by the common law of trade dress from a likelihood of confusion under the Lanham Act. 15 U.S.C. § 1125(a).

41. Hydrow's trade dress is set forth in the below graphic that shows how the trade dress is appropriated by the Accused Products. Hydrow's trade dress includes: a) The overall boomerang shape and contour of the main support structure; b) The tapering of the main support structure at each end; c) A widened angular bend after the foot pads; d) A narrowing tapered section extending upward from the main base; and e) An angular bend extending inward towards the monitor from the narrowing tapered section (collectively "the Hydrow Trade Dress").



**Hydrow Rower**



**New RW700**                              **New RW900**

42. Through its sales and marketing of tens of thousands of units of the Hydrow Rower to customers throughout the United States and internationally for over three years, Hydrow has achieved substantial goodwill as noted above in paragraph 17. Accordingly, the Hydrow Trade Dress has gained significant acquired distinctiveness and secondary meaning for its design, which consumers associate with Hydrow.

43. In contravention to 35 U.S.C. § 271 and § 289, and 15 U.S.C. §1125(a), iFIT infringes the '843 Patent and the Hydrow Trade Dress by making, using, selling, and/or offering to sell, or causing others to make, use, sell, and/or offer to sell the Accused Products.

44. The trade dress used by the Accused Products copies the distinctive Hydrow Trade Dress and is likely to cause confusion, mistake, or deception as to the source, sponsorship, or

13

approval of the accused products, in that the trade and consumers are likely to believe, or will believe, that the New RW700 or New RW900 is Hydrow's product.

45. On information and belief, iFIT was aware of the Hydrow Rower before iFIT designed the Accused Products, and the shape and contour of the Accused Products was directly copied from the Hydrow Rower, knowingly and intentionally to confuse customers.

## CAUSE OF ACTION
## COUNT I
**(Infringement of U.S. Patent No. D898,843)**
[35 U.S.C. §§ 271, 289]

46. Plaintiff realleges and incorporates the preceding paragraphs herein by reference.

47. The '843 Patent is valid and enforceable.

48. iFIT has infringed, currently infringes, and will continue to directly infringe the '843 Patent unless enjoined by this Court from making, using, offering for sale, importing and/or selling products infringing Hydrow's patented design within the United States. 35 U.S.C. § 271(a).

49. iFIT, in violation of 35 U.S.C. § 289, has directly infringed and continues to infringe the '843 Patent by applying the patented design of the '843 Patent, or a colorable imitation thereof, to an article of manufacture for the purpose of sale.

50. On information and belief, iFIT knew of Hydrow, Hydrow's patented Hydrow Rower, the '843 Patent, or was willfully blind to its existence, and iFIT knew or was willfully blind in consciously ignoring the possibility that its actions would infringe the '843 Patent.

51. As a direct and proximate result of iFIT's direct and indirect infringement of the '843 Patent, Hydrow is suffering damages as well as irreparable injury for which Hydrow has no adequate remedy at law. Hydrow will continue to suffer such harm unless iFIT is enjoined from further infringement pursuant to 35 U.S.C. § 283.

52. Hydrow is entitled to recover damages under 35 U.S.C. § 284 and § 289 to adequately compensate for iFIT's infringement.

## CAUSE OF ACTION
## COUNT II
### (Federal Unfair Competition-Trade Dress Infringement)
[15 U.S.C. § 1125(a)]

53. Plaintiff realleges and incorporates the preceding paragraphs herein by reference.

54. This is a claim for trade dress infringement arising under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

55. For over three years, Hydrow has been, and is presently, engaged in the distribution, promotion, and sale of Hydrow Rowers throughout the United States. Continuously and long prior to iFIT's acts, Hydrow has been distributing, promoting, and selling in interstate commerce the Hydrow Rower with the Hydrow Trade Dress. For a substantial period of time, and continuing through the present, the Hydrow Rower was sold with the distinctive Hydrow Trade Dress.

56. The Hydrow Trade Dress is arbitrary and non-functional. As a result of Hydrow's established use and extensive promotion and sales, the Hydrow Trade Dress has acquired distinctiveness and has become well and favorably known to distributors and end-users as identifying Hydrow as the sole and exclusive source thereof.

57. Consumers have also come to recognize that the Hydrow Rower, in its distinctive trade dress, is of high quality and, as a result, the distinctive Hydrow Trade Dress has come to represent valuable goodwill which Hydrow owns.

58. The Hydrow Rower is well known by its distinctive Hydrow Trade Dress which is recognized as an indicator of origin with Hydrow, and the trade and consumers have come to rely on this distinctive Hydrow Trade Dress as an indication that they are receiving the genuine products of Hydrow.

59. The Hydrow Trade Dress is distinctive and has acquired secondary meaning.

60. The trade dress used by the Accused Products copies the shape and contour of the Hydrow Trade Dress and is likely to cause confusion, mistake, or deception (including without limitation initial interest, point-of-sale, post-sale, and/or reverse confusion) as to the source of origin, sponsorship, or approval of the Accused Products, in that the trade and consumers are likely to believe, or will believe, that the Accused Products are Hydrow's products.

61. Hydrow has never authorized, licensed, or consented in any way to iFIT's use of Hydrow's distinctive, well known, and extremely valuable Hydrow Trade Dress.

62. A nearly limitless number of other shapes and contours could have been used for the Accused Products sold and distributed by iFIT, rather than using a design which copies the design of Hydrow's well known Hydrow Rower.

63. iFIT's use of the Hydrow Trade Dress has caused and is likely to cause actual confusion as to the source or origin of the Accused Products and constitutes trade dress infringement.

64. As a result of iFIT's acts of trade dress infringement, Hydrow has suffered and will continue to suffer damages in an amount to be proven at trial.

65. By reason of the foregoing, iFIT has violated and is continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Hydrow has no adequate remedy at law and is suffering irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hydrow respectfully requests the Court enter the following orders on final judgment against iFIT:

1.     Pursuant to 35 U.S.C. § 271, enter a judgment that iFIT infringes U.S. Patent No. D898,843 by making, offering for sale, selling, importing or using the Accused Products, and any product not colorably different from the Accused Products;

2.     Pursuant to 35 U.S.C. § 283, grant a preliminary and permanent injunction enjoining iFIT, its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with iFIT from directly or indirectly making, having made, selling, offering for sale, distributing, using, or importing into the United States products that infringe the '843 Patent;

3.     Pursuant to 35 U.S.C. § 284, direct iFIT to account for and pay to Plaintiff all damages caused by iFIT's infringement of the '843 Patent, including lost profits and interest, but in no event less than a reasonable royalty;

4.     Pursuant to 35 U.S.C. § 289, award Plaintiff the total extent of iFIT's total profits derived from sales of the Accused Products;

5.     Award damages and disgorgement of profits for all convoyed and derivative sales associated with the Accused Products;

6.     Pursuant to 35 U.S.C. § 285, award Plaintiff its costs and attorneys' fees incurred in connection with this action, upon a judgment declaring this an exceptional case;

7.     Pursuant to 15 U.S.C. § 1125(a), enter a judgment that iFIT infringes the Hydrow Trade Dress;

8.     Pursuant to 15 U.S.C. § 1116, grant a preliminary and permanent injunction enjoining and restraining iFIT, its subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with iFIT from directly or indirectly making, having made, selling, offering for sale, distributing,

using, or importing into the United States products that infringe Hydrow's Trade Dress by offering for sale the Accused Products or any other confusingly similar rower that is likely to cause confusion, deception or mistake;

9. Pursuant to 15 U.S.C. § 1117(b), award to Hydrow all of iFIT's gross profits and any other damages Hydrow has sustained as a consequence of iFIT's trade dress infringement and requiring iFIT to account for all gains, profits and advantages derived by the iFIT from the sale and distribution of the Accused Products, and that the award be trebled;

10. Pursuant to 15 U.S.C. § 1117, award to Hydrow the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest; and

11. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury pursuant to Fed. R. Civ. P. 38(b).

|  |  |
|---|---|
| | HEYMAN, ENERIO GATTUSO & HIRZEL LLP |
| OF COUNSEL: | */s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (##3630)<br>300 Delaware Avenue, Suite 3200<br>Wilmington, DE 19081<br>T: (302) 472-7300 |
| Christopher S. Schultz<br>Howard J. Susser | dgattuso@hegh.law |
| BURNS & LEVINSON, LLP<br>125 High Street<br>Boston, MA 02110<br>T: (617) 345-3000<br>cschultz@burnslev.com<br>hsusser@burnslev.com | *Attorneys for Plaintiff Hydrow, Inc.* |

Dated: May 2, 2022