## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HYDROW, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-195-CFC-JLH |
| | ) | |
| iFIT HEALTH & FITNESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>iFIT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS HYDROW'S AMENDED DESIGN PATENT CLAIM</u>

OF COUNSEL:

David R. Wright
Foley & Lardner LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314

Jean Paul Ciardullo
Foley & Lardner LLP
555 Flower St Suite 3300,
Los Angeles CA 90071

Dated:  May 10, 2022

Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com
caras@rlf.com

*Attorneys for iFIT, Inc.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................... ii

I.    PRELIMINARY STATEMENT ....................................................... 1

II.    FACTUAL BACKGROUND ........................................................... 3

III.   ARGUMENT ................................................................................ 10

     A.    Standard for Dismissal Under Rule 12 ................................. 10

     B.    Hydrow Has Not Stated A Colorable Claim For Design Patent Infringement ..................................................................... 13

IV.   CONCLUSION ............................................................................. 20

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alan Tracy, Inc. v. Trans Globe Imps.*,
   60 F.3d 840 (Fed. Cir. 1995) (TABLE) .......................................................... 1, 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................ 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................ 11

*Colida v. Nokia, Inc.*,
   347 F. App'x. 568 (Fed. Cir. 2009) ................................................................... 12

*Columbia Sportswear N. Am. v. Seirus Innovative Access., Inc.*,
   942 F.3d 1119 (Fed. Cir. 2019) ........................................................... 2, 15, 16, 18

*Contessa Food Prods., Inc. v. Conagra, Inc.*,
   282 F.3d 1370 (Fed. Cir. 2002) ............................................................................ 5

*Door-Master Corp. v. Yorktowne, Inc.*,
   256 F.3d 1308 (Fed. Cir. 2001) ............................................................................ 6

*Egyptian Goddess Inc. v. Swisa Inc.*,
   543 F.3d 665 (Fed. Cir. 2008) ............................................................................ 19

*Elmer v. ICC Fabricating, Inc.*,
   67 F.3d 1571 (Fed. Cir. 1995) ....................................................................... 13, 18

*Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*,
   986 F.3d 250 (3d Cir. 2021) ................................................................................. 2

*Fitness IQ, LLC v. TV Prods. United States, Inc.*,
   No. 10-CV-2584-H (WMC), 2011 WL 13356174
   (S.D. Cal. Mar. 11, 2011) .................................................................................... 6

ii

*Gorham Co. v. White*,
   81 U.S. 511 (1871)............................................................................................18

*Hartco Eng'g, Inc. v. Wang's Int'l, Inc.*,
   142 F. App'x 455 (Fed. Cir. 2005)....................................................................14

*Lanard Toys, Ltd. v. Dolgencorp LLC*,
   958 F.3d 1337 (Fed. Cir. 2020) ...............................................................15, 19

*Man Wah Holdings Ltd. v. Raffel Systems*,
   PGR2019-00029, Paper No. 31 (PTAB July 1, 2020),
   *aff'd*, 849 F. App'x 929 (Fed. Cir. 2021) ............................................................7

*In re Mann*,
   861 F.2d 1581 (Fed. Cir. 1988) .............................................................1, 13, 18

*MSA Prods., Inc. v. Nifty Home Prods., Inc.*,
   883 F. Supp. 2d 535 (D.N.J. 2012)....................................................................11

*OddzOn Prods. v. Just Toys*,
   122 F.3d 1396 (Fed. Cir. 1997) .............................................................2, 14, 18

*Parker v. Kimberly–Clark Corp.*,
   No. 11 C 5658, 2012 WL 74855 (N.D. Ill. Jan. 10, 2012) ................................12

*Payless Shoesource, Inc. v. Reebok Int'l Ltd.*,
   998 F.2d 985 (Fed. Cir. 1993) ..........................................................................16

*Richardson v. Stanley Works, Inc.*,
   597 F.3d 1288 (Fed. Cir. 2010) ...................................................................2, 18

*Schmidt v. Skolas*,
   770 F.3d 241 (3d Cir. 2014) .............................................................................11

*Versa Prods. Co. v. Bifold Co.*,
   50 F.3d 189 (3d Cir. 1995) .................................................................................2

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*,
   529 U.S. 205 (2000)............................................................................................2

iii

**STATUTES & RULES**

Fed.R.Civ.P. Rule 12(b)(6) .............................................................................1, 9, 11

4866-5016-6815.1

Defendant iFIT, Inc. ("iFIT") hereby respectfully moves under Fed.R.Civ.P. Rule 12(b)(6) to dismiss the Amended Complaint of Hydrow, Inc. in part, insofar as it alleges that iFIT's NordicTrack RW900[1] rowing machine infringes Hydrow's design patent D898,843 ("'843 Patent").

## I.      PRELIMINARY STATEMENT

On April 18, 2022, iFIT moved to dismiss Hydrow's design patent claim.  In response, rather than oppose the motion, Hydrow filed an Amended Complaint (D.I. 24) that does not address any of the grounds for dismissal.  Rather, it appears to have been a tacit concession that Hydrow is unable to meet the legal challenges that require dismissal of its claim.

As iFIT previously explained in its original motion (and Hydrow has yet to dispute), Hydrow's claim for design patent infringement should be dismissed because it is premised on a misapplication of law.   As a matter of law, virtual identity of designs is required to prove design patent infringement because, as the Federal Circuit has consistently made clear, design patents have essentially no scope.  *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988); *Alan Tracy, Inc. v. Trans Globe Imps.*, 60 F.3d 840 (Fed. Cir. June 2, 1995) (TABLE); *see also*

---

[1] Hydrow also accuses the RW700 Model, which is identical to the RW900 but for a slightly smaller screen (or monitor). References to RW900 herein are intended to also encompass the RW700.

*OddzOn Prods. v. Just Toys*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1294 (Fed. Cir. 2010).  As the Federal Circuit recently held in *Columbia Sportswear N. Am. v. Seirus Innovative Access., Inc.*, 942 F.3d 1119, 1131 (Fed. Cir. 2019), a claim for design patent infringement requires proof that, in comparing the entire accused product against the patented design, the "effect of the whole design is substantially the same."

Here, such a comparison reveals that, at most, there are some general similarities in the parties' designs.  Several obvious design differences between iFIT's RW900 rower and the '843 Patent preclude, as a matter of law, any finding that it is "substantially the same."  For example, the RW900 rower differs from the '843 design as follows:  (1) a large protruding flywheel at the front end, (2) the prominent front upper member that angles sharply backwards to hold the display screen, (3) the distinctly angular shape and lines throughout instead of the '843 patent's soft curved lines, (4) the large NORDICTRACK trademark embedded in the design, and (5) the way the seat attaches to the rower.[2]

---

[2] Although not part of this motion, iFIT further believes that the claim for trade dress infringement is without merit.  Under the applicable test of functionality recently enunciated by the Third Circuit in *Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, 986 F.3d 250 (3d Cir. 2021), Hydrow is unable to meet its burden of proving that its unregistered rower design is not "useful."  The design should therefore be held unprotectably functional.  Moreover, under *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 211 (2000) and *Versa Prods.*

2

Hydrow's Amended Complaint does nothing to address these issues.  The design patent is what it is, and iFIT's accused design is what it is.  Hydrow's amendment under Rule 15 was nothing more than a procedural dodge to avoid acknowledging it cannot state a claim for design patent infringement.

## II.    FACTUAL BACKGROUND

Hydrow's '843 Patent, entitled "Rowing Machine," claims simply "the ornamental design for a rowing machine, as shown and described."   Hydrow filed its application for this design patent only recently, on July 16, 2018.  (D.I. 24 ¶ 16.) Focusing only on those features of the Hydrow design that are claimed in solid lines (not including the features limned in dotted lines, which are not part of the claim), Figure 1 of the design patent is as follows:

---

*Co. v. Bifold Co.*, 50 F.3d 189 (3d Cir. 1995), Hydrow will likely be unable to meet its heavy burden of establishing either that consumers *actually* rely on the shape of its rower (which is a niche product only recently introduced in 2018) to identify source or to prove the elements of likelihood of confusion.  However, unlike the design patent claim, which the Court can resolve simply by comparing the entire accused design with Hydrow's patent and applying the exacting and rigorous test of substantial sameness, the test of trade dress infringement is somewhat more open-ended, even if ultimately unlikely to succeed.



iFIT's NordicTrack RW900 rower (shown below) lacks the smooth lines of the Hydrow design.  It is sharply angled, including in particular the front end, which is sharply angled back towards the user and (unlike the Hydrow design) includes a monitor integrated into the end of the body. The RW900 also has a large flywheel positioned at the front end of the base that prominently protrudes from the body of the device, which creates a markedly different shape that contrasts with the uninterrupted solid lines of the surface of the '843 Patent. Additionally, the RW900 prominently displays the name NORDICTRACK integrated into its design, on both the base and the monitor, which irrespective of it being a differentiating brand name, visually changes the appearance of the RW900 simply because of its size and contrasting colors.

4



The patent drawings below are shown with the dotted line portions removed since these are not part of the claimed design. For example, the hypothetical view screen shown in dotted lines is not part of Hydrow's design patent rights, rendering the large monitor of the RW900 a point of visual *distinction* rather than a point of similarity. *Contessa Food Prods. Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1378 (Fed. Cir. 2002) (abrogated on other grounds by *Egyptian Goddess Inc. v. Swisa Inc.*, 543 F.3d 665 (Fed. Cir. 2008)) ("If features appearing in the figures are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals

5

inclusion of the features in the claimed design."); *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1313 (Fed. Cir. 2001).

Likewise, Hydrow cannot claim any rights directed to the shape of the legs that were drawn in dotted lines. *See Fitness IQ, LLC v. TV Prods. U.S., Inc.*, No. 10-CV-2584-H (WMC), 2011 WL 13356174, at *5 (S.D. Cal. Mar. 11, 2011) ("The patent itself disclaims that '[t]he broken lines illustrate environmental elements of an exercise device that forms no part of the claimed design.' '660 Patent. Accordingly, the Court must disregard any portions of the design shown in broken lines for the purposes of infringement analysis."). If Hydrow had wanted to claim rights in the monitor and legs, it could have filed companion patent applications with those features included, as is often done in design patent practice, but Hydrow did not do this.

6



7





As can be seen in comparing the images above, the surfaces of the '843

Patent design are claimed as smooth (either flat or rounded) and uninterrupted,

whereas the RW900 has a large, bulbous flywheel protruding from upper and

lower surfaces that fundamentally changes the shape and profile of the design.

Additionally, the upper and lower ends of Hydrow's patented design come almost

to a point, with the back end squared off.  By contrast, the NordicTrack RW900

design has a thick, sharply angled rear end (with the angle pointing down, not

squared) and a front end that angles up sharply at about 45 degrees from the base

and then angles back again towards the user (also at about 45 degrees from the

base, and both sharply and in a single unitary form), at the end of which is

mounted a large monitor. Prominently embedded in the design at the rear end and

on the monitor is the NORDICTRACK trademark, whose large letters alter the overall appearance of the design.

Figures 4, 5 and 6 of the patent also show in solid lines that the seat of the Hydrow rower attaches to grooves at either side of the base (along the upper rim), whereas the iFit rower has a large groove down the center of the base, in which the seat can slide forwards and back. Figure 6 thus shows that the top of the Hydrow base is smooth and flat, whereas the NordicTrack rower has a deep groove cut in it to guide the motion of the seat.

Figure 3 also confirms (as do the end caps shown in figure 1) that the base of the Hydrow design is gently tapered and smoothly rounded from top to bottom, with a narrow flat section in the middle of the bottom to which the legs attach, as shown in the full Figure 1 above (which includes the dotted lines).  By contrast, the base of the NordicTrack rower is sharply angled from top to bottom (at roughly 90 degrees) and the entire underside is flat, and is parallel to the top and at 90 degrees from the sides.  Unlike the Hydrow design, there is no cutout or notch under the lip of the flat top of the base as a linear guide for the seat to move.

## III.   ARGUMENT

### A.   Standard for Dismissal Under Rule 12

Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate where the complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief

10

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.* at 678.  A complaint must set forth "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action[.]"

*Twombly*, 550 U.S. at 545.  In reviewing a motion to dismiss, documents "'*integral*

*to or explicitly relied* upon in the complaint' may be considered 'without

converting the motion to dismiss into one for summary judgment.'"  *Schmidt v.*

*Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

      The bare allegations of the original Complaint and the Amended Complaint

that the NordicTrack RW900 rower infringes the '843 Patent do not make it so,

and the Court is able to make its own comparison, even at the pleadings stage,

whether a colorable claim has been set forth that the designs are "substantially the

same."  In this instance, correctly applying the standard for proving design patent

infringement, the Court can itself readily discern that the parties designs are not

"substantially the same."  The district courts are clearly empowered to dismiss

design patent claims at the pleading stage on such grounds. *See, e.g., MSA Prods.,*

*Inc. v. Nifty Home Prods., Inc*., 883 F. Supp. 2d 535, 540 (D.N.J. 2012) ("Although generally correct that infringement is usually a question of fact, MSA is wrong that the Court cannot determine infringement as a matter of law at the motion to dismiss stage. While not necessarily common, many courts have dismissed claims of design infringement on Rule 12(b)(6) motions where, as a matter of law, the court finds that no reasonable fact-finder could find infringement.") (dismissing claim for infringement of a patent for a single mesh drawer asserted against stacked mesh drawers); *Colida v. Nokia, Inc*., 347 F. App'x. 568, 569–70 (Fed. Cir. 2009) (affirming dismissal of claim for infringement of cell phone design patents pursuant to Rule 12(b)(6) where, among other things, the accused product had an antenna and the design patent did not); *Parker v. Kimberly–Clark Corp*., No. 11 C 5658, 2012 WL 74855, at *2–3 (N.D. Ill. Jan. 10, 2012) (dismissing claim for infringement of design patent pursuant to Rule 12(b)(6) where design patent claimed a bowtie shape and the accused product had an hourglass shape). The very fact that Hydrow elected to file an Amended Complaint rather than address the weaknesses inherent in its claim confirms that it has no proper grounds to sue for design patent infringement.

12

### B.   Hydrow Has Not Stated A Colorable Claim For Design Patent Infringement

The Federal Circuit has long emphasized that design patents have "almost no scope." *In re Mann*, 861 F.2d at 1581.  In *Elmer v. ICC Fabricating, Inc*., 67 F.3d 1571, 1577 (Fed. Cir. 1995), the following patented design was held not infringed by the accused design:

Patented Design                    Accused Design

   

*Elmer* concluded that the design patent showed a sign having triangular vertical ribs and an upper protrusion. By including the triangular vertical ribs (barely even visible at the corners) and the seemingly insignificant upper protrusion, the design patent owner had "effectively limited the scope of its patent claim by including [the particular] features in it." *Id*.  Because the accused device did not have triangular vertical ribs and an upper protrusion, the court reversed the district court's denial of judgment as a matter of law, holding that no reasonable jury could have concluded the overall visual appearance of the accused product was substantially the same as to the patented design. *Id*. at 1578.  Here too, given the vastly greater differences between the Hydrow design patent and the

13

NordicTrack rower, no reasonable jury could conclude that the two are substantially the same.

*OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396 (Fed. Cir. 1997), similarly illustrates the extraordinarily narrow scope of design patents. There, the Federal Circuit affirmed the grant of summary judgment of non-infringement that the patented design at issue was not infringed by the following accused design:



Patented Design                    Accused Design

          

Despite the general similarity of the parties' competing toy designs, the Federal Circuit explained a design patent is limited to its ornamental features, rather than to the "broader general design concept" - in this case "of a rocket-like tossing ball." *Id.* at 1405. Because the patentee failed to show that the protectable ornamental features of the patented design, *i.e.*, "a football-shaped ball [with a] slender tailshaft, and three fins which seemingly protrude out of the football and gently flare outwardly," were substantially the same as the accused products, the court affirmed summary judgment of non-infringement. *See also Hartco Eng'g, Inc. v. Wang's Int'l, Inc.*, 142 F. App'x 455, 458-59 (Fed. Cir. 2005) ("We agree with the district court's depiction of the drawings of the '194 patent as showing a

14

hitchcover 'with three blades' attached to a tongue 'having four circular features' that are visible. Only these ornamental aspects of Hartco's patented hitchcover design, not the broader, general hitchcover concept that merely mimics a propeller, are protected.").

Similarly, in the Federal Circuit's recent decision in *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020), the court upheld a finding that the accused "Ja-Ru" pencil (shown below) did not infringe the asserted design patent (also shown below) in view of the district court's determinations concerning the scope of the design patent.




The Federal Circuit also recently clarified how to apply the test of infringement in *Columbia Sportswear N. Am. v. Seirus Innovative Access., Inc.*, 942 F.3d 1119 (Fed. Cir. 2019). *Columbia Sportswear* specified that the infringement analysis requires comparing the patented design with the entire

15

accused design, including distinguishing features.[3]  In that case, among the

distinguishing features of the defendant's design was simply the incorporation of

the defendant's trademark that had been integrated into the article of manufacture.

What the Federal Circuit said was:  "Indeed, the fact finder is tasked with

determining whether an ordinary observer would find the 'effect of the whole

design substantially the same.' *Gorham*, 81 U.S. at 530. It would be inconsistent

with this mandate, to ignore elements of the accused design entirely, simply

because those elements included the name of the defendant."  *Columbia*, 942 F.3d

at 1131. The Federal Circuit went on to clarify that the district court was in error in

giving lesser weight to some elements of the accused design.

> But the district court's piecemeal approach, considering only if design
> elements independently affect the overall visual impression that the
> designs are similar, is at odds with our case law requiring the
> factfinder to analyze the design as a whole. See *Amini Innovation
> Corp. v. Anthony Cal., Inc*., 439 F.3d 1365, 1372 (Fed. Cir. 2006). An
> ordinary observer is deceived by an infringing design as a result of
> "similarities in the overall design, not of similarities in ornamental
> features considered in isolation." Id. at 1371.

*Id*.  The patented design and accused design in *Columbia Sportswear* were as

follows:

---

[3] Other cases, such as *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d
985, 991 (Fed. Cir. 1993), have also held that in applying the test, the proper
comparison is between the entire accused design and the entire design shown in the
patent -  *not* the patent owner's commercial embodiments of its design.

Patented Design                    Accused Design

            

Similarly, *Man Wah Holdings Ltd. v. Raffel Systems*, PGR2019-00029,

Paper No. 31 (PTAB July 1, 2020), *aff'd*, 849 F. App'x 929 (Fed. Cir. 2021),

demonstrated the extremely narrow scope of design patents.[4]

---

[4] Although made in the context of assessing whether the claimed design was not anticipated by the cited prior art, as is often noted, that which infringes if later anticipates if earlier, and in this case the modest differences precluded a finding of anticipation.

17

Patented Design

Prior Design




Although the basic test of design patent infringement traces its origins back to *Gorham Co. v. White*, 81 U.S. 511, 528 (1871),[5] generations of law, including *In re Mann* (861 F.2d at 1582), *Alan* (60 F.3d 840), *Elmer* (67 F.3d at 1577), *OddzOn* (122 F.3d at 1405), and *Richardson* (597 F.3d at 1294), have clarified that design patents have almost no scope. What matters is whether the "effect of the whole design [is] substantially the same." *Gorham*, 81 U.S. at 530; *Columbia*, 942 F.3d at 1131.

As discussed and shown in Section II above, several differences plainly visible to an ordinary observer distinguish the Hydrow patented design from the NordicTrack rower in ways far greater than the above-cited precedents. Notably, Hydrow's original Complaint and Amended Complaint fail to present the Court

---

[5] *Gorham* stated: "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." 81 U.S. at 530.

18

with a fair or realistic comparison between the asserted '843 Patent and the RW900 Rower, using small images taken from the same angle that do not reflect what the RW900 Rower actually looks like in real life. In actuality, the hard geometries of the RW900's exterior and its bulbous protruding flywheel are fundamentally dissimilar from the soft, uninterrupted exterior of the Hydrow design patent, and would be quite apparent to an ordinary observer looking at the RW900 in person.

Hydrow's design patent for the very specific shape shown and claimed does not give it rights in "swoosh" or "boomerang" shapes in general. To find otherwise would expand the scope of design patent protection beyond what the law intends. Based only on the pleadings, the Court is able to review the accused design and conclude that, as a matter of law, the RW900 is not substantially the same as the specific design claimed in Hydrow's patent.

Were the case to proceed past the pleading stage, even further limits on the scope of Hydrow's rights would be entailed by the need to filter out prior art elements that are not novel and functional elements that do not warrant protection as per *Egyptian Goddess Inc. v. Swisa Inc.,* 543 F.3d 665 (Fed. Cir. 2008), which held that infringement must be determined "in light of the prior art" by "applying the ordinary observer test through the eyes of an observer familiar with the *prior art." Id.* at 677.  *See also Lanard Toys*, 958 F.3d at 1342 (instructing that the

19

district court should construe a design patent such that its scope does not extend to functional features). However, even without such additional limitations on Hydrow's claimed rights, the considerable and pronounced differences between the Hydrow design and the NordicTrack RW900 rower preclude a finding that the two are substantially the same.  Stated differently, indulging all inferences in favor of Hydrow as to the scope of its design patent, it has failed to state a colorable claim of infringement.

## IV.    CONCLUSION

iFIT respectfully requests dismissal with prejudice of Hydrow's design patent claim.

OF COUNSEL:

David R. Wright
Foley & Lardner LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314

Jean Paul Ciardullo
Foley & Lardner LLP
555 Flower St Suite 3300,
Los Angeles CA 90071

Dated:  May 10, 2022

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com
caras@rlf.com

*Attorneys for iFIT, Inc.*

20